# UNITED STATES DISTRICT COURT
for the
## Western District of New York

Kente Bell

*Plaintiff(s)*
(Write the full name of each plaintiff who is filing this complaint.
If the names of all the plaintiffs cannot fit in the space above,
please write "see attached" in the space and attach an additional
page with the full list of names.)

-v-

THE CITY OF BUFFALO POLICE DEPARTMENT, Chelsey Rogowski, Elaina Perez, Christopher Wilson, Joseph McCarthy, John Doe( ), John Doe( ), John Doe( ), John Doe( ), TREVOR SHEEHAN, John Doe( ), John Doe( ), Sgt John Doe.

*Defendant(s)*
(Write the full name of each defendant who is being sued. If the
names of all the defendants cannot fit in the space above, please
write "see attached" in the space and attach an additional page
with the full list of names. Do not include addresses here.)

Case No. **25 CV 67**
(to be filled in by the Clerk's Office)

JURY TRIAL: Yes  X   No___



FILED
JAN 21 2025
MARY C. LOEWENGUTH, CLERK
WESTERN DISTRICT OF NY

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS
(Prisoner Complaint)

---

### NOTICE

Federal Rules of Civil Procedure 5.2 addresses the privacy and security concerns resulting from public access to electronic court files. Under this rule, papers filed with the court should *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number.

Except as noted in this form, plaintiff need not send exhibits, affidavits, grievance or witness statements, or any other materials to the Clerk's Office with this complaint.

In order for your complaint to be filed, it must be accompanied by the filing fee or an application to proceed in forma pauperis.

---

## I. The Parties to This Complaint

### A. The Plaintiff(s)

Provide the information below for each plaintiff named in the complaint. Attach additional pages if needed.

- Name: Kente Bell
- All other names by which you have been known:
- ID Number: 23B3935
- Current Institution: Five Points Correctional Facility
- Address: State Route 96, P.O. Box 119
  - City: Romulus
  - State: NY
  - Zip Code: 14541

### B. The Defendant(s)

Provide the information below for each defendant named in the complaint, whether the defendant is an individual, a government agency, an organization, or a corporation. Make sure that the defendant(s) listed below are identical to those contained in the above caption. For an individual defendant, include the person's job or title (if known) and check whether you are bringing this complaint against them in their individual capacity or official capacity, or both. Attach additional pages if needed.

Defendant No. 1
- Name: Chelsey Rogowski
- Job or Title (if known): Police Officer BPO
- Shield Number: N/A
- Employer: Erie County BPD
- Address: 10 Delaware Ave
  - City: Buffalo
  - State: NY
  - Zip Code: 14202
- [✓] Individual capacity  [✓] Official capacity

Defendant No. 2
- Name: Elaina Perez
- Job or Title (if known): Police Officer BPO
- Shield Number: N/A
- Employer: Erie County BPD
- Address: 10 Delaware Ave
  - City: Buffalo
  - State: NY
  - Zip Code: B14202
- [✓] Individual capacity  [✓] Official capacity

Defendant No. 3
Name: Christopher Wilson
Job or Title (if known): Police Officer BPO
Shield Number: N/A
Employer: Erie County BPD
Address: 10 Delaware Ave
Buffalo, NY 14202
City / State / Zip Code

[✓] Individual capacity    [✓] Official capacity

Defendant No. 4
Name: Joseph McCarthy
Job or Title (if known): Police Officer BPO
Shield Number: N/A
Employer: Erie County BPD
Address: 10 Delaware Ave
Buffalo, NY 14202
City / State / Zip Code

[✓] Individual capacity    [✓] Official capacity

## II. Basis for Jurisdiction

Under 42 U.S.C. § 1983, you may sue state or local officials for the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." Under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics, 403 U.S. 388 (1971)*, you may sue federal officials for the violation of certain constitutional rights.

A. Are you bringing suit against (check all that apply):

[ ] Federal officials (a *Bivens* claim)

[✓] State or local officials (a § 1983 claim)

B. Section 1983 allows claims alleging the "deprivation of any rights, privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C. § 1983. If you are suing under section 1983, what federal constitutional or statutory right(s) do you claim is/are being violated by state or local officials?

8th Amendment

C. Plaintiffs suing under *Bivens* may only recover for the violation of certain constitutional rights. If you are suing under *Bivens*, what constitutional right(s) do you claim is/are being violated by federal officials?

DEFENDANTS

Defendant #5 , BPO Trevor Sheehan
Police Officer Erie County BPD
10 Delaware Ave , Buffalo NY 14202
(x) Individual Capacity  (x) Official Capacity

Defendant #6 , BPO John Doe
Police Officer Erie County BPD
10 Delaware Ave , Buffalo NY 14202
(x) Individual Capacity (x) Official Capacity

Defendant #7 , BPO John Doe
Police Officer Erie County BPD
10 Delaware Ave , Buffalo NY 14202
(x) Individual Capacity (x) Official Capacity

Defendant #8 , BPO John Doe
Police Officer Erie County BPD
10 Delaware Ave , Buffalo NY 14202
(x) Individual Capacity (x) Official Capacity

Defendant #9 , BPO John Doe
Police Officer Erie County BPD
10 Delaware Ave , Buffalo NY 14202
(x) Individual Capacity (x) Official Capacity

Defendant #10 , BPO John Doe
Police Officer Erie County BPD
10 Delaware Ave , Buffalo NY 14202
(x) Individual Capacity (x) Official Capacity

Defendant #11 , BPO John Doe
Police Officer Erie County BPD
10 Delaware Ave , Buffalo NY 14202
(x) Individual Capacity (x) Official Capacity

Defendant #12 , BPO Detective Sergeant John Doe
Police Officer Erie County BPD
10 Delaware Ave , Buffalo NY 14202
(x) Individual Capacity (x) Official Capacity

_____NO_____

D. Section 1983 allows defendants to be found liable only when they have acted "under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia." 42 U.S.C. § 1983. If you are suing under section 1983, explain how each defendant acted under color of state or local law. If you are suing under *Bivens*, explain how each defendant acted under color of federal law. Attach additional pages if needed.

_____See attached statement of Claim_____

## III. Prisoner Status

Indicate whether you are a prisoner or other confined person as follows *(check all that apply)*:

☐ Pretrial detainee

☐ Civilly committed detainee

☐ Immigration detainee

☑ Convicted and sentenced state prisoner

☐ Convicted and sentenced federal prisoner

☐ Other *(explain)* _____

## IV. Statement of Claim

State as briefly as possible the facts of your case. Describe how each defendant was personally involved in the alleged wrongful action, along with the dates and locations of all relevant events. You may wish to include further details such as the names of other persons involved in the events giving rise to your claims. Do not cite any cases or statutes. If more than one claim is asserted, number each claim and write a short and plain statement of each claim in a separate paragraph. Attach additional pages if needed.

A. If the events giving rise to your claim arose outside an institution, describe where and when they arose.

_____Broderick Park in Buffalo NY._____

B. If the events giving rise to your claim arose in an institution, describe where and when they arose.

_____N/A_____

STATEMENT OF CLAIM

1. On March 29th, 2022, the Plaintiff was stopped and approached by Law Enforcement as soon as he parked his vehicle in a parking spot at Broderick Park in Buffalo NY, approximately at 5:45pm. Both defendants approached Plaintiff. Defendant #1 Officer Chelsey Rogowski was the Driver of the patrol car and Defendant #2 Officer Elaina Perez was the passenger of the patrol car. Chelsey Rogowski asked the Plaintiff for his license and Plaintiff complied. Chelsey Rogowski returned to her patrol car while Defendant #2 Officer Elaina Perez remained on the passenger side of Plaintiff's vehicle. Chelsey Rogowski returned to Plaintiff's vehicle and asked him to step out of the vehicle. Plaintiff then asked Chelsey Rogowski what was her reason for stepping out of the vehicle. Chelsey Rogowski told Plaintiff that his registration was expired, but she never asked Plaintiff for his registration. Plaintiff knew that his license and registration were both valid.

2. Plaintiff was shot one time in 2012 and it left him paralyzed from the <u>waist down</u>. Plaintiff drives with hand controls and told Officer Chelsey Rogowski that he was on crutches and she still wanted him to step out of the vehicle.

3. Plaintiff then fled because he feared for his life because he thought he was about to be killed, if he reached for his crutches, and knew that his rights were about to be violated. Both Defendants Chelsey Rogowski and Elaina Perez, ran to their patrol car and began to chase Plaintiff.

4. During the high speed chase, additional Defendants joined the pursuit with their weapons drawn inside their patrol cars. Plaintiff then stopped momentarily to let his passenger out of the vehicle and continued to flee from the Defendants. From his rearview mirror, Plaintiff seen Defendants with their weapons drawn in their patrol cars, and commenced shooting at Plaintiff. The Defendants were trying to pull over on the side of Plaintiff's vehicle while firing multiple shots as the chase continued on the expressway and onto the public streets. Plaintiff then exited the expressway and as he was exiting the expressway, they continued shooting.

5. Two of the Defendants shot at Plaintiff from inside their patrol car, Defendant #3, Christopher Wilson and Officer Joseph McCarthy Defendant #4, shot through the wind shield of [their] patrol car and as a result both Defendant #3 and #4 shot each other with friendly fire. The Plaintiff then came across another Police Officer, Defendant #5, John Doe, while parked on the side of the street on Fillmore Ave. standing behind his patrol car then ran towards Plaintiff firing his weapon at Plaintiff and vehicle multiple times, striking Plaintiff twice, once in the left leg and once above the left hip despite the fact that Plaintiff never displayed his weapon. John Doe #5 caught back up to Plaintiff, on Poplar and Doat Street, and continued firing multiple rounds at Plaintiff who never displayed a weapon.

6. Defendant #6, Officer Trevor Sheehan fired his weapon at Plaintiff from inside his patrol car and tried to pull up along side of Plaintiff's vehicle & firing multiple rounds at Plaintiff. plaintiff came across additional Police Officer's who were standing along the side of the road firing their weapons at Plaintiff hitting his vehicle.

7.      The barrage of bullets continued as Plaintiff was fleeing in his vehicle down Jefferson and Broadway. The initial Police Officer Defendants continued to chase Plaintiff as he fled to protect himself.

8.  The high speed chase lasted for approximately 15 to 20 minutes and ended when Plaintiff crashed his vehicle into the pole of a Bill Board on East Ferry and Fillmore Avenue. The Defendants reloaded and continued firing at Plaintiff striking him three more times with bullets, once in the neck, once in the upper right shoulder, and once in his right hand.

9. Plaintiff was then dragged out of his vehicle and assaulted by all of the Defendants. Dispite the fact that Defendants saw the Plaintiff was shot several times and bleeding, they brutally assaulted him. While all of the police officer Defendants were kicking Plaintiff in the body and punching him in the face, Police Sergeant John Doe, approached the melee and refused to intervene. As a result of the beating and gunshot wounds, Plaintiff was admitted to the Hospital for six months at ECMC Hospital in Buffalo New York. In addition to the twelve defendants named in this action, there are four additional Defendants that are John Doe which are to be included in this action.

---

NOTE:     Plaintiff had three surgeries one on his right hand; one on his neck; and one on his stomach. Plaintiffs right hand is unable to fully open to grasp objects nor, due to plaintiff confined to a wheelchair/crutches the injuries sustained has made suffering a daily struggle. Plaintiff cannot manuever without the aid of either one of these devises.

CAUSE OF ACTION

10. Defendant #1, Officer Chelsey Rogowski used excessive and unnecessary force causing serious injuries in violation of the Plaintiffs 8th Amendment Rights of the U.S Constitution and the A.D.A.

11. Defendant #2, Officer Elaina Perez didn't intervene to protect the Plaintiffs Constitutional Rights of citizen from infringement by other Law Enforcement Officers in their presence. Violation of the 8th Amendment of the U.S Constitution and the A.D.A.

12. Defendant #3, Officer Christopher Wilson used excessive and unnecessary force causing serious injuries in violation of the 8th Amendment of the U.S Constitution and the A.D.A.

13. Defendant #4, Officer Joseph MCcarthy used excessive and uneccessary force causing serious injuries in violation of the 8th Amendment of the U.S Constitution and the A.D.A.

14. Defendant #5, Officer John Doe used excessive and unnecessary force causing serious injuries in violation of the 8th Amendment of the U.S Constitution and the A.D.A.

15. Defendant #6, Officer Trevor Sheehan used excessive and uneccessary force causing serious injuries in violation of the 8th Amendment of the U.S Constitution and the A.D.A.

16. Defendant #7, Officer John Doe used excessive and unnecessary force causing serious injuries in violation of the 8th Amendment of the U.S Constitution and the A.D.A.

17. Defendant #8, Officer John Doe used excessive and unnecessary force causing serious injuries in violation of the 8th Amendment of the U.S Constitution and the A.D.A.

CAUSE OF ACTION

18. Defendant #9, Officer John Doe used excessive and unnecessary force causing serious injuries in violation of the 8th Amendment of the U.S Constitution and the A.D.A.

19. Defendant #10, Officer John Doe used excessive and unnecessary force causing serious injuries in violation of the 8th Amendment of the U.S Constitution and the A.D.A.

20. Defendant #11, Officer John Doe used excessive and unnecessary force causing serious injuries in violation of the 8th Amendment of the U.S Constitution and the A.D.A.

21. Defendant #12, Detective Sergeant John Doe acted deliberately , recklessly and under color of law was at the relevant time, supervisory personnel with Erie County Buffalo Police Department with oversight responsibility for training, hiring, screening, instruction, supervision and discipline of BPD Officers, Chelsey Rogowski , Elaina Perez, Christopher Wilson, Joseph MCcarthy, John Doe , Trevor Sheehan, and John Doe's et al., and the A.D.A., all used excessive and unnecessary force causing serious injuries in violation of the 8th Amendment of the U.S. Constitution.

Therefore, the defendant's listed above violated Plaintiffs Constitutional Rights pursuant to 8th Amendment of the United States Constitution; The American Disabilities Act; and by Criminally assaulting a disabled person after it became clear that the Plaintiff was unable to run or strike back nor stopping these officer's from brutally trying to permanantly injure Plaintiff; and attempting to cover-up this illegal act by turning off their Body Camera or not having them activated.

C. What date and approximate time did the events giving rise to your claim(s) occur?

AT 5.45 PM ON MARCH 29TH 2022

D. What are the facts underlying your claim(s)? (For example: What happened to you? Who did what? Was anyone else involved? Who else saw what happened?)

See attached statement of Claim.

V. **Injuries**

If you sustained injuries related to the events alleged above, describe your injuries and state what medical treatment, if any, you required and did or did not receive.

I was shot five times once in the left leg, once above my left hip, once in my right shoulder once in my right hand and front part of my neck. I received surgery on my right hand, stomach and neck.

VI. **Relief**

State briefly what you want the court to do for you. Make no legal arguments. Do not cite any cases or statutes. If requesting money damages, include the amounts of any actual damages and/or punitive damages claimed for the acts alleged. Explain the basis for these claims.

Punitive damages in the amount of $100 Million. Compensatory damages in the amount of $100 Million.

## VII. Exhaustion of Administrative Remedies Administrative Procedures

The Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a), requires that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted."

Administrative remedies are also known as grievance procedures. Your case may be dismissed if you have not exhausted your administrative remedies.

A. Did your claim(s) arise while you were confined in a jail, prison, or other correctional facility?

☐ Yes
☒ No

If yes, name the jail, prison, or other correctional facility where you were confined at the time of the events giving rise to your claim(s).

N/A

B. Does the jail, prison, or other correctional facility where your claim(s) arose have a grievance procedure?

☐ Yes
☒ No
☐ Do not know

N/A

C. Does the grievance procedure at the jail, prison, or other correctional facility where your claim(s) arose cover some or all of your claims?

☐ Yes
☒ No
☐ Do not know

If yes, which claim(s)?

N/A

D. Did you file a grievance in the jail, prison, or other correctional facility where your claim(s) arose concerning the facts relating to this complaint?

☐ Yes

☒ No

If no, did you file a grievance about the events described in this complaint at any other jail, prison, or other correctional facility?

☐ Yes

☒ No

E. If you did file a grievance:

1. Where did you file the grievance?

   N/A

2. What did you claim in your grievance?

   N/A

3. What was the result, if any?

   N/A

4. What steps, if any, did you take to appeal that decision? Is the grievance process completed? If not, explain why not. (Describe all efforts to appeal to the highest level of the grievance process.)

   N/A

F.  If you did not file a grievance:

1. If there are any reasons why you did not file a grievance, state them here:

   Cause of Action occurred in Public Streets

2. If you did not file a grievance but you did inform officials of your claim, state who you informed, when and how, and their response, if any:

   No     N/A

G.  Please set forth any additional information that is relevant to the exhaustion of your administrative remedies.

   N/A

*(Note: You may attach as exhibits to this complaint any documents related to the exhaustion of your administrative remedies.)*

## VIII. Previous Lawsuits

The "three strikes rule" bars a prisoner from bringing a civil action or an appeal in federal court without paying the filing fee if that prisoner has "on three or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

To the best of your knowledge, have you had a case dismissed based on this "three strikes rule"?

☐ Yes
☒ No

If yes, state which court dismissed your case, when this occurred, and attach a copy of the order if possible.

N/A

A. Have you filed other lawsuits in state or federal court dealing with the same facts involved in this action?

☐ Yes
☒ No

B. If your answer to A is yes, describe each lawsuit by answering questions 1 through 7 below. *(If there is more than one lawsuit, describe the additional lawsuits on another page, using the same format.)*

1. Parties to the previous lawsuit
   Plaintiff(s) ___N/A___
   Defendant(s) _____

2. Court *(if federal court, name the district; if state court, name the county and State)*
   ___N/A___

3. Docket or index number
   ___N/A___

4. Name of Judge assigned to your case
   ___N/A___

5. Approximate date of filing lawsuit
   ___N/A___

6. Is the case still pending?
   ☐ Yes
   ☒ No

   If no, give the approximate date of disposition. ___N/A___

7. What was the result of the case? *(For example: Was the case dismissed? Was judgment entered in your favor? Was the case appealed?)*

   ___N/A___

   NO

## IX. Certification and Closing

Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

### A. For Parties Without an Attorney

I agree to provide the Clerk's Office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Date of signing: 1-7-25

Signature of Plaintiff: Kente Bell
Printed Name of Plaintiff: Kente Bell
Prison Identification #: 23B3935
Prison Address: State Route 96, P.O. Box 119
Romulus, NY 14541
  City          State    Zip Code

### B. For Attorneys

Date of signing: Pro Se

Signature of Attorney: N/A
Printed Name of Attorney:
Bar Number:
Name of Law Firm:
Address:
  City          State    Zip Code
Telephone Number:
E-mail Address: