UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
----------------------------------------X

KENTE BELL
       PRO - Se, Plaintiff,

AMENDED
COMPLAINT

  - Against -

25 \_\_\_ CV \_\_ 67

ERIE COUNTY BUFFALO POLICE DEPT;
POLICE OFFICER CHELSEY ROGOWSKI;
ELAINA PEREZ;
TREVOR SHEEHAN;
OFFICER CHRISTOPHER BAUER;
OFFICER BRIAN NAGY;
GIOVANNI MASSINI;
JOHN DAVIDSON;
CHIRSTOPHER WILSON;
ELNUR KARADZHAYEV;
NICHOLAS JOHNSON;
TAYLOR KESSLER;
JAKE GIARRANO;
LIEUTENANT VINCENT JUDGE;
LIEUTENANT PATRICK BAKER;
JOSEPH McCarthy
MOHAMMAED ABDULLAH;
Det./SGT STEVEN TURNER;
Det./SGT WILLIAM J. COOLEY;
Det./SGT CHRISTOPHER PLISZKA.

JURY TRIAL
DEMAND

                 Defendant(s)

IN THEIR OFFICIAL AND INDIVIDUAL CAPACITY
----------------------------------------------X

    The Plaintiff, complaining of the defendants, Pro Se, respectfully shows to this Court and alleges that he was deprived his Civil rights and sustained injuries and wrongful conviction as a result of the deprivation of his Civil rights.

### INTRODUCTION

1.  On March 29th,2022 Kente Bell was stopped and approached by Erie County Buffalo NY, Law Enforcement as soon as he parked his vehicle in a parking spot at Broderick Park in Buffalo NY,

approximately at 5:45 pm. When he was approached by Chelsey Rogowski and Officer Elaina Perez he was parked between two yellow lines.

2.    Chelsey Rogowski asked him for his liecense and he complied. Chelsey Rogowski never asked him for his Registration and wanted him to step out. Mr Bell told Officer Chelsey Rogowski he was paralyzed and that he was on crutches. Mr. Bell didn't want to reach for his crutches because he thought he would be killed and he knew that his rights were about to be violated because his license and Registration were both valid.

3.    Kente Bell was shot one time in 2012 and it left him Paralyzed from the waist down, he was only 18 years old. Mr. Bell has PTSD, ANXIETY and DEPRESSION diagnosis.

4.    Mr. Bell fled with a female passenger and let her out before the Police Officers started shooting at him. The Police kept the passenger of Mr. Bell in their patrol car throughout the whole pursuit.

5.    Kente Bell was getting fired at on the city streets and expressway. The Officers failed to obey commands to cut the pursuit. Kente Bell had approximately 20 Police patrol vehicles on him throughout the chase.

6.    Some Police Officers faild to activate BPD issued Body cameras.

7.    Kente Bell was shot a total of six times during the pursuit.

8. It was believed to be 16 Police Officers that shot at Kente Bell and it possibly could be more.

9. It was a total of 3 Officers that Kente Bell allegedly shot but 2 of the Officers were struck with friendly fire so Kente Bell was charged wrongfully.

10. The high speed pursuit lasted 15 to 20 minutes.

11. Kente Bell was dragged out of his vehicle and was brutally assaulted by Police Officers dispite the fact he was shot multiple times during the pursuit and paralyzed from the gun shot wound he suffered in 2012, these Officers kicked and punched him while he was bleeding out.

12. Mr. Bell had three surgeries one on his right hand; one on his neck; and one on his stomach. Kente Bell right hand is unable to fully open to grasp objects nor, due to Mr Bell confined to a wheelchair/ crutches the injuries sustained has made suffering a daily struggle. Kente Bell cannot manuever without the aid of either one of these devices.

<u>DEFENDANTS</u>

13. BPO, Chelsey Rogowski, Elaina Perez, Trevor Sheehan, Christopher Bauer, Brian Nagy, Giovanni Massimi, John Davidson, Christopher Wilson, Elnur Karadzhayev, Nicholas Johnson, Taylor Kessler, Jake Giarrano, LT Vincent Judge LT Patrick Baker, Joseph McCarthy, Mohammed Abdallah, DET/SGT Steven Turner, DET/SGT William J Cooley, DET/SGT Christopher Pliszka. 1-19

3

14.  All Defendants were employed by the Erie County Buffalo NY, Police Department in 2022. At all times relevant to this complaint with the rank of patrol officer, Lieutenant or Detective Sergeant.


## BASIS FOR JURISDICTION

15.  Section 1983 allows claims alleging the deprivation of any rights,privileges, or immunities secured by the Constitution and [federal laws]." 42 U.S.C.§1983.Plaintiff requests that this court enter judgment against all defendants each of them violated Plaintiff 4th,5th, and 14th amendment right and the ADA.All defendants should be found liable,all have acted under color of law.

## STATEMENT OF FACTS

16.  On March 29th,2022,the Plaintiff was stopped and approached by law Enforcement as soon as he parked his vehicle in a parking spot at Broderick Park in Buffalo NY,approximately at 5:45pm. Both defendants approached Plaintiff. Defendant #1,Officer Chelsey Rogowski was the Driver of the patrol car and Defendant #2, Officer Elaina Perez was the passenger of the patrol car. Chelsey Rogowski asked the Plaintiff for his license and Plaintiff complied. Chelsey Rogowski returned to her patrol car while Defendant #2, Officer Elaina Perez remained on the passenger side of Plaintiff's vehicle. Chelsey Rogowski returned to Plaintiff's vehicle and asked him to step out of

4

the vehicle. Plaintiff then asked Chelsey Rogowski what was her reason for stepping out of the vehicle. Chelsey Rogowski told Plaintiff that his registration was expired, but she never asked Plaintiff for his registration. Plaintiff knew that his license and registration were both valid.

17. Plaintiff was shot one time in 2012 and it left him paralyzed from the waist down. Plaintiff drives with hand controls and told Officer Chelsey Rogowski that he was on crutches and she still wanted him to step out of the vehicle.

18. Plaintiff then fled because he feared for his life because he thought he was about to be killed, if he reached for his crutches, and he knew that his rights were about to be violated. Both defendants Chelsey Rogowski and her partner Elaina Perez,ran to their patrol car and began to chase Plaintiff.

19. During the high speed chase, additional defendants joined the pursuit with their weapons drawn inside their patrol cars. Plaintiff then stopped momentarily to let his passenger out of the vehicle and continued to flee from the defendants. From his rearview mirror, Plaintiff seen defendants with their weapons drawn in their patrol cars, and commenced shooting at Plaintiff. The defendants were trying to pull over on the side of Plaintiff vehicle while firing multiple shots as the chase continued on the expressway and onto the public streets. Plaintiff then exited the expressway and as he was exiting the expressway they still continued to shot. Defendant #3, Officer Trevor Sheehan shot at Plaintiff on the expressway and as he was exiting the expressway onto

Bailey ave, Officer Trevor Sheehan was shot with friendly fire. Defendant #4, Officer Christopher Bauer shot from patrol car with his partner Officer Trevor Sheehan on and off the expressway. Christopher Bauer was the driver of the patrol car.

20. The Plaintiff then came across additional Police defendants, #5,#6 Officer Brian Nagy and his partner Giovanni Massimi, fired at Plaintiff all through out the high speed pursuit.

21. Plaintiff then came across defendant #7, Officer John Davidson while parked on the side of the street on Fillmore Ave, standing behind his patrol car then ran towards Plaintiff firing his weapon at Plaintiff and vehicle multiple times, striking Plaintiff twice, once in the left leg and once above the left hip while the Plaintiff was crossing over Sycamore Ave despite the fact that Plaintiff never displayed his weapon. Officer John Davidson caught back up to Plaintiff, on Poplar and Doat st, and continued firing multiple rounds at Plaintiff who never displayed a weapon.

22. Defendant #8, Officer Christopher Wilson and his partner defendant #9, Officer Elnur Karadzhayev, followed Plaintiff down Genesee Ave shooting multiple rounds. Officer Elnur Karadzhayev was the driver of the patrol car, the defendants tried to pull up along side of Plaintiff vehicle firing multiple rounds at Plaintiff.

23. The barrage of bullets continued as Plaintiff was fleeing in his vehicle down Jefferson Ave and Broadway ave. The initial Police Officer defendants continued to chase Plaintiff as he fled to protecct himself.

24. The high speed chase lasted for approximately 15 to 20 minutes and ended when Plaintiff crashed his vehicle into the pole of a Bill Board on East Ferry and Fillmore Ave. Defendants# 10, Officer Nicholas Johnson, defendant #11, Officer Taylor Kessler and defendant #12, Officer Jake Giarrano fired and reloaded shooting at Plaintiff multiple times as Plaintiff was crashing into the Bill Board. The defendants reloaded and continued shooting at Plaintiff with defendant #13, Lieutenant Vincent Judge and defendant #14, Lieutenant Patrick Baker.

25. The defendants circled the Plaintiff crashed vehicle and continued shooting at Plaintiff. Defendant #15, Officer Joseph McCarthy was firing his weapon at Plaintiff. As the defendants fired at Plaintiff Officer Joseph McCarthy was struck by friendly fire because of the circle that was formed. The defendants shot towards other Officers carelessly. The Plaintiff was shot in his neck, right upper shoulder twice and in his right hand when the chase ended. The Plaintiff was shot a total of six times during this high speed pursuit.

26. Plaintiff was then dragged out of his vehicle and assaulted by all of the defendants. Defendant#16, Officer Mohammed Abdallah Lieutenant Vincent Judge, Lieutenant Patrick Baker and Officer John Davidson. Dispite the fact that defendants saw the Plaintiff was shot several times and bleeding out, they brutally assaulted him. While all of the police Officer defendants were kicking Plaintiff in the body and punching him in the face, Police Sergeants or Lieutenants did not intervene.

7

As a result of the beating and gunshot wounds, Plaintiff was admitted to the Hospital for six months at ECMC Hospital in Buffalo New York.

## INJURIES SUSTAINED

27.  The Plaintiff was shot in his left lower leg, in the upper left hip area, in his right upper shoulder two times and in his neck and right hand.

## RELIEF

28.  The defendants unlawful, negligent, intentional, willful purposeful, deliberately indifferent, reckless, bad-faith bad-act/ or malicious act, misdeeds and omissions caused Plaintiff injuries and a wrongful conviction.

29.  As a direct and proximate result of the acts of the defendants, injuries and damages sustained by Plaintiff from the deprivation of his civil rights include: violation of clearly established rights under the fourth and fourteenth amendments to the United States Constitution and ADA: Personal injuries, pain and suffering, severe mental anguish, emotional distress extreme fear, humiliation indignities, and embarrassment degradation, egregious injury to reputation and loss of companionship love and affection.

30.  All the alleged acts, misdeeds and omissions committed by the individual defendants described herein for which liability is claimed were done negligently, intentionally, willfully

purposefully knowingly, unlawfully maliciously, wantonly reck-
lessly and or with bad faith/bad act, and said proscribed con-
duct of the individual defendants meets all of the standards for
imposition of punitive damages.

      Punitive damages in the amount of_____

      Compensatory damages in the amount of _____

### FEDERAL CLAIMS
### COUNT I
### 42 U.S.C.§1983-Excessive use of force

31.  Plaintiff repeat, reiterate and reallege each and every
allegation contained in the prior paragraphs with the same force
and effect as if more fully and at length set forth herein.

32.  The accusations of wrongful actions against Plaintiff was
covered up when officers did not activate their BPD body cameras,
and the high speed pursuit was called off. The defendants went
aginst orders, to cut the pursuit.

33.  The shooting of Plaintiff by defendants constituted unreas-
onable and excessive force by Police Officers. Such actions were
intentional, negligent, reckless, careless and unreasonable as
defendants had a duty to not subject Plaintiff to vicious Police
actions, but failed to prevent same and breached their duty. This
summary punishment and wrongful seizure was in violation of Plai-
ntiff rights as guaranteed under the United States Constitution.
and the A.D.A.

## COUNT II

### 42 U.S.C. §1983-Denial of Medical Treatment in Violation of the Fourteenth Amendment

34.  Plaintiff repeat reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

35.  Defendants Police Officer 1-19 and other Officers who were either at the scene or were giving supervisory direction to individuals at the scenes, were deliberately indifferent to Plaintiff obvious need for medical treatment as he layed out on the ground bleeding out. He was brutally assaulted by defendants before he received medical treatment for his gun shot wounds.

36.  Defendants knew that Plaintiff was bleeding out from gun shot wounds and yet they failed to get him immediately medical attention.

37.  Defendants acted with reckless disregard for the substantial risk posed by Plaintiff serious medical condition.

### COUNT III
### 42 U.S.C. §1983- Violation of the Plaintiff Constitutional rights  the Fourth Amendment via an Illegal Entry search and seizure

38.  Plaintiff repeat, reiterate and reallege each and every allegation contained in the prior paragraphs with the same force and effect as if more fully and at length set forth herein.

39.  The Plaintiff rights have been violated under the Fourth Amendment of the United States Constitution pursuant to 42 U.S.C. §1983, in that the defendants unlawfully wanted Plaintiff to step out of his vehicle to search and seize when his vehicle was in

fact    registered and the Plaintiff license was valid. The
defendant lied to Plaintiff so he could step out.

40.  That the said act, were caused by the defendants,their agent
Servants and employees, without any legal Justification.

41.  That the said entry, search, seizure and unlawful deten-
tion  was caused by the defendants, without authority of

   the law and without any reasonable cause of belief that the
Plaintiff had committed any or were in fact guilty of crimes.

                         COUNT IV
42 U.S.C.§1983 Claim for Unconstitutional Custom or Policy
              and Failure to Supervise and Train

42.  Plaintiff repeat and re-allege each and every allegation
contained in the previous paragraph of this complaint with the
same force and effect as though fully set forth herein.

43.  Prior to March 29,2022 and since, Erie County,by and
through its final policymakers,had in force and effect a pol-
icy,  practice or custom of conducting Constitutionally ina-
dequate investigations;of failing to obtain probable cause
before entry into people homes or vehicles,unlawfully detain-
ing individuals, of subjecting individuals to excessive force,
deprivation of medical attention,and of creating a paper trail
to justify unjustified and illegal shooting.

44.  Erie County Buffalo NY, by and through its final policy-
makers,failed to adequately discipline their police officers
for failing to obtain probable cause before entering vehicles
for unlawfully detaining individuals and for failing to ensure
that suspects would not be subjected to excessive force and
deprivation of medical attention.

                          11

The defendants were told to cut the pursuit and they went against orders.

45.    The Police Officer Defendants were shooting towards other Officers and these Officers were shooting in residential areas. It was stated that numerous of Officers violated departmental policy. The number of shots fired by Buffalo Police identified to have struck buildings, vehicles and/or created other property damage during the pursuit that was to be terminated before any Officers was stuck with gunfire.

46.    Such failures to train, supervise and discipline, and such unconstitutional municipal customs, practices and/or policies, amounted to deliberate indifference to the constitutional rights of individual suspects like the Plaintiff and were the moving force behind the unjustified traffic stop unjustified shooting, and the beating the Plaintiff got while he was shot muiltiple times and bleeding out before he recived medical attention.

COUNT V
42 U.S.C.§1983-Failure to Intervene

47.    Plaintiff repeat and re-allege each and every allegation previous paragraphs of this Complaint with the same force and effect as forth herein.

48.    The defendant Officers that were apart of the chase and arrived at the scene ,in derogation of their duty, failed to intervene.

49.    These Officers are liable for all direct and proximate results of said acts.

12

50.  As a direct and proximate result of said acts,Plaintiff was deprived and seriously injured was assaulted by the defendants and was convicted wrongfully.Plaintiff was subjected to great fear,terror,degradation,and mental and emotional distress,all as a result of the aforesaid unlawful conduct of defendants.

51.  That by reason of the foregoing,Plaintiff suffer from injuries as set forth above and is entitled to monetary damages.

COUNT VI
Intentional or Negligent Infliction of Emotional Distress

52.  Plaintiff repeat and re-allege each and every allegation contained in the previous paragraphs of this Complaint with the same force and effect as though fully set forth herein.

53.  The deliberate conduct of defendants on the scenes or arrived on the scene in shooting Plaintiff and assaulting him while he was shot up and bleeding out,he didn!t get medical attention right away constitutes the intentional infliction of emotional distress.

54.  In the alternative, the conduct of defendants breached a duty of care owed to Plaintiff as a citizen,and as a crime suspect, which unreasonably endangered his physical safety and caused him to fear for his safety,constituting the negligent infliction of emotional distress and,breached a duty of care owed to Plaintiff as citizens.

55.  Defendants conduct caused Plaintiff to suffer and continues to cause Plaintiff to suffer ongoing,unimaginable emotional distress and traumatic psychological sequellae.

13

## COUNT VII
## Wrongful Conviction

56. Plaintiff repeat and re-allege each and every allegation contained in the previous paragraphs of this complaint with the same force and effect as though fully set forth herein.

57. As a result of said actions by Defendants and their supervisors, Plaintiff was charged wrongfully.

58. That by reason of Plaintiff unlawful traffic stop and wrongful conviction plaintiff have been deprived of emotional support, companionship, love and affection.

59. That by reason of the foregoing, Plaintiff suffer and continue to suffer irreparable injury and monetary damages as set forth.

WHEREFORE, Plaintiff pray as follows:

A.  That the Court award compensatory damages to him and against all individual defendants, jointly and severally, in an amount to be determined at trial;

B.  That the Court award punitive damages to him, and against all individual defendants, in an amount to be determined at trial, that will deter such conduct by defendants in the future;

C.  For a trial by jury;

Dated August 26, 2025
        Seneca, New York

Respectfully submitted,

--- Kente Bell

Bell, Kente., #23-B-3935
Plaintiff, Pro se
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, N.Y. 14541

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
KENTE BELL #23B3935

**DEFENDANTS**

(b) County of Residence of First Listed Plaintiff   SENECA
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Erie County
*(IN U.S. PLAINTIFF CASES ONLY)*

NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
PRO-SE KENTE BELL #23B3935; STATE ROUTE
96, P.O. Box 119, ROMULUS, N.Y. 14541

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☐ 1 U.S. Government Plaintiff

☒ 3 Federal Question *(U.S. Government Not a Party)*

☐ 2 U.S. Government Defendant

☐ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff)*
*(For Diversity Cases Only)* and One Box for Defendant)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**TORTS**
PERSONAL INJURY
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☒ 320 Assault, Libel & Slander
- ☐ 330 Federal Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☒ 360 Other Personal Injury
- ☐ 362 Personal Injury - Med. Malpractice

PERSONAL INJURY
- ☐ 365 Personal Injury - Product Liability
- ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

PERSONAL PROPERTY
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**FORFEITURE/PENALTY**
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 740 Railway Labor Act
- ☐ 751 Family and Medical Leave Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**BANKRUPTCY**
- ☐ 422 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 861 HIA (1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW (405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- ☐ 375 False Claims Act
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 850 Securities/Commodities/ Exchange
- ☐ 890 Other Statutory Actions
- ☐ 891 Agricultural Acts
- ☐ 893 Environmental Matters
- ☐ 895 Freedom of Information Act
- ☐ 896 Arbitration
- ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- ☐ 950 Constitutionality of State Statutes

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**CIVIL RIGHTS**
- ☐ 440 Other Civil Rights
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/ Accommodations
- ☐ 445 Amer. w/Disabilities - Employment
- ☒ 446 Amer. w/Disabilities - Other
- ☐ 448 Education

**PRISONER PETITIONS**
Habeas Corpus:
- ☐ 510 Motions to Vacate Sentence
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus & Other
- ☒ 550 Civil Rights
- ☐ 555 Prison Condition
- ☐ 560 Civil Detainee - Conditions of Confinement

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus - Alien Detainee (Prisoner Petition)
- ☐ 465 Other Immigration Actions

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding
☐ 2 Removed from State Court
☐ 3 Remanded from Appellate Court
☐ 4 Reinstated or Reopened
☐ 5 Transferred from another district *(specify)*
☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
42 U.S.C. § 1983, CIVIL RIGHTS ACTION
Brief description of cause:
SHOT MULTIPLE TIMES BY POLICE OFFICERS AND ASSAULTED

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

DATE   1-7-2025

SIGNATURE OF ATTORNEY OF RECORD   Kente Bell

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

## Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.** **(a) Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

**(b) County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

**(c) Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.C.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.

United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.

United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.

Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.

Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; federal question actions take precedence over diversity cases.)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If the nature of suit cannot be determined, be sure the cause of action, in Section VI below, is sufficient to enable the deputy clerk or the statistical clerks in the Administrative Office to determine the nature of suit. If the cause fits more than one nature of suit, select the most definitive.

**V.** **Origin.** Place an "X" in one of the seven boxes.

Original Proceedings. (1) Cases which originate in the United States district courts.

Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.

Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.

Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.

Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.

Multidistrict Litigation. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407. When this box is checked, do not check (5) above.

Appeal to District Judge from Magistrate Judgment. (7) Check this box for an appeal from a magistrate judge's decision.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. Do not cite jurisdictional statutes unless diversity. Example: U.S. Civil Statute: 47 USC 553
Brief Description: Unauthorized reception of cable service

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.

Demand. In this space enter the dollar amount (in thousands of dollars) being demanded or indicate other demand such as a preliminary injunction.

Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

Revised 05/01 WDNY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_Kente Bell_
(Name of Plaintiff or Petitioner)

v.

_Chelsey Rogowski, et al._
(Name of Defendant(s) or Respondent(s))
_City of Buffalo NY, Police Dept_

**MOTION TO PROCEED** _IN FORMA PAUPERIS_
**AND SUPPORTING AFFIRMATION**
_25_ -CV- _67_

I, _Kente Bell_ _____, (print or type your name) am the plaintiff/petitioner in the above-entitled case and hereby request the Court's permission to proceed _in forma pauperis_.

In support of my motion to proceed without being required to prepay fees, costs, or give security therefor, I state that because of my poverty I am unable to pay the costs of this action or to give security therefor and that I believe I am entitled to redress.

**I further declare that the responses which I have made in this affirmation below are true.**

1.    Are you presently employed? Yes ☐  No ☑
       My Employer's Name and Address is: _N/A_
       _____
       _____
       My Gross Monthly Wages are: $_____
       If you are not presently employed, state
       Your Last Date of Employment: _N/A_
       Your Gross Monthly Wages at that time: _____
       Is your spouse presently employed? Yes ☐  No ☐
       My Spouse's Employer's Name and Address is: _N/A_
       _____
       My Spouse's Gross Monthly Wages are $_____

2.    Have you received any money from any of the following sources within the past twelve months:
       a. Business, profession or self-employment? Yes ☐  No ☑
          If yes, state source and amount received per month $_____ 0
       b. Rent payments, interest or dividends? Yes ☐  No ☑
          If yes, state source and amount received per month $_____ 0
       c. Pensions, annuities, disability, or life insurance payments? Yes ☐  No ☑
          If yes, state source and amount received per month $_____
       d. Gifts or inheritances? Yes ☐  No ☑
          If yes, state source and amount received per month $_____ 0
       e. Child Support? Yes ☐  No ☑
          If yes, state amount received each month $_____ 0
       f. Government Benefits (Social Security, SSI, Welfare, AFDC, Veterans, etc.)? Yes ☐  No ☑
          If yes, state source and amount received per month $_____
       g. Friends, Relatives or any other source? Yes ☐  No ☑
          If yes, state source and amount received per month $_____ 0
       If you have **not** received any money from any of the above sources, please explain how you are currently paying your expenses:
       _N/A_
       _____

3.    What is your total gross monthly income today: $_____ 0

4.    How much cash do you have on hand? $_____ 0

5. How much money do you have in a checking account(s)? $ ⌒

6. How much money do you have in a savings account(s)? $

7. If you are an inmate of a correctional facility, state the amount of funds in your inmate account (NOTE: prisoners **must** have inmate account balances certified by an authorized official of the correctional facility and must include a signed Authorization for payment of the filing fee): _____

8. Do you own any real estate, stocks, bonds, notes, automobiles, or other valuable property (excluding ordinary household furnishings and clothing)? Yes ☐ No ☑
   If so, **describe** the property in detail and give an **estimated value** of the property: _____

   If you own property, are you paying off a **loan or mortgage** on it? Yes ☐ No ☑
   If yes where are you obtaining the money to make such payments: _____

9. If you are not an inmate, state your **total monthly household expenses:**
   Rent or mortgage $_____   Food $_____   Utilities $_____   All other expenses $_____
   If your monthly expenses exceed the amount of income you listed in # 3 above, please explain how you are paying your expenses

   N/A

10. List all of the people who are in your household and state the amount of money each one contributes to household expenses each month: _____

    N/A

11. List the persons who are dependent upon you for support, state your relationship to those persons, and indicate how much you contribute toward their support: _____

    N/A

12. Have you been adjudicated bankrupt within the past ten (10) years? Yes ☐ No ☑
    If the answer is yes, please include the court and date of filing _____

**I declare under penalty of perjury that the foregoing is true and correct.**

Executed on 4-15-2025                    Kente Bell
          (Date)                        (Applicant's Signature)

## PRISON CERTIFICATION SECTION
**(Required for Prisoner Requests Only; Prisoner Requests Must Have This Section Completed By Prison Official)**

I certify that the movant has the sum of $ 4.30 on account to his/her credit at the Five Points Correctional Facility where s/he is currently confined.
I further certify that the movant has the following securities to his/her credit according to the institution's records: N/A

I further certify that the movant's average account balance was $ 98.49 during the last six months.

J. Console
Signature of Authorized Officer of Institution

J. Console
Print Name of Authorized Officer of Institution

Revised 05/01 WDNY

# AUTHORIZATION

### PRISONER'S CIVIL ACTION FILING FEE
### WESTERN DISTRICT OF NEW YORK

I, (print name) **Kente Bell**, request and authorize the agency holding me in custody, to send to the Clerk of the United States District Court, Western District of New York, a certified copy of the statement for the past six months of my trust fund account (or institutional equivalent) at the institution where I am incarcerated.

I further request and authorize the agency holding me in custody to calculate and disburse funds from my trust account (or institutional equivalent) in the amounts specified by 28 U.S.C. § 1915 (b), to deduct those amounts from my prison trust account (or institutional equivalent), and to disburse those amounts from my account to the United States District Court for the Western District of New York.

*This Authorization shall apply to any other agency into whose custody I may be transferred, and to any other district court to which my case may be transferred and by which my poor person application may be decided.*

This Authorization is furnished in connection with the commencement of a federal court civil action, and I understand that I must pay the total amount of the filing fee, which is $350.00.

**I understand that by signing this authorization, the entire filing fee of $350.00 will be paid to the court in installments by automatic deductions from my prison trust fund account <u>even if my case is dismissed before the entire amount of the fee has been deducted from my account.</u>**

Dated: **4-15** , 20**25**.

**Kente Bell**
Signature of prisoner

**Kente Bell**
Printed name of prisoner

**23B3935**
Inmate number of prisoner

CERTIFIED MAIL®

9589 0710 5270 2731 2459 17

Retail

UNITED STATES
POSTAL SERVICE®

14202

RDC 99

U.S. POSTAGE PAID
FCM LG ENV
ROMULUS, NY 145
JAN 29, 2026

$0.00

S2324P506457-15

Five Points

∧
☆

Correctional Facility

neopost
01/28/2026
US POSTAGE $012 14⁰

IMI

ZIP 14541
041M11272007

COURT,
ICT OF NEW YORK
SE
PUARE
14202

25-CV-67



USDC - WDNY

FEB - 2 2026

BUFFALO

Kente Bell, #25B3755
Five Points Correctional Facility
State Route 96, P.O. Box 119
Romulus, New York, 14541

RETURN RECEIPT
REQUESTED

U.S. DISTRICT
WESTERN DISTR
U.S. COURTHOU
2 NIAGARA SQ
BUFFALO, N.Y.

Five Points Correctional
Facility
Legal Mail Only